UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARCELONA CAPITAL, LLC,

                Appellant,

v.

NENO CAB CORP.,

                Appellee.

**MEMORANDUM & ORDER**
22-CV-00090 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Barcelona Capital, LLC ("Creditor") has appealed an order of the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") in a bankruptcy proceeding commenced by Neno Cab Corp. ("Debtor"). ECF No. 1. The Bankruptcy Court's order: (i) denied without prejudice Creditor's motion to dismiss Debtor's bankruptcy petition, and (ii) denied without prejudice Creditor's alternative request for relief from the Bankruptcy Code's automatic stay. ECF No. 1-1. For the reasons set forth below, the Bankruptcy Court's denial of Creditor's motion to dismiss is an interlocutory order that is not appealable as of right, and the Court exercises its discretion to deny Creditor leave to appeal that portion of the Bankruptcy Court's order. Although the Bankruptcy Court's denial of Creditor's request for relief from the automatic stay is a final order appealable as of right, the Court affirms the Bankruptcy Court's order because the Bankruptcy Court did not abuse its discretion in denying such relief.

**PROCEDURAL HISTORY**

      Debtor is a company that operates taxi cabs. At the time Debtor filed its bankruptcy petition, its only assets were two taxi medallions, a single vehicle, and some cash. ECF No. 5 ¶

5; *see also* Bankr. ECF No. 27-1.[1]  Debtor owes money to Creditor pursuant to multiple promissory notes signed over the course of several years, which have a collective principal amount of $1.6 million, and are secured by Debtor's two taxi medallions.  ECF No. 4 ¶¶ 16–19.  Debtor's principal has personally guaranteed these loans.  *Id.* ¶ 19.  Debtor filed a bankruptcy petition in December 2020, seeking to reorganize under Chapter 11 of the Bankruptcy Code, specifically Subchapter V.  *Id.* ¶ 6.  As of that time, Creditor was Debtor's only secured creditor, and Debtor owed less than $10,000 in unsecured credit card debt to its only other creditor.  Bankr. ECF Nos. 27-2, 27-3.

Subchapter V proceedings are relatively new—they were established in February 2020 as part of the Small Business Reorganization Act—and they apply to "qualifying small business owners" with less than $7.5 million of certain types of debt.  *Gregory Funding v. Ventura*, 638 B.R. 499, 502–03 (E.D.N.Y. 2022); *see also* 11 U.S.C. § 1182 (defining the types of debtors that may commence bankruptcy proceedings under Subchapter V).  Subchapter V enables a debtor to reorganize its debts, as in a typical Chapter 11 proceeding, rather than liquidate its business, as in a Chapter 7 proceeding.  *See Gregory Funding*, 638 B.R. at 502.  However, unlike a typical Chapter 11 proceeding, a debtor that files a bankruptcy petition under Subchapter V has "the sole right to confirm a plan of reorganization"; creditors cannot file their own plan.  *Id.* (citing 11 U.S.C. § 1189(a)).  Additionally, "Subchapter V modifies the rules under which particular classes of claims can be crammed down," which means that a bankruptcy court has greater authority to adopt a debtor's plan of reorganization even if creditors object to the plan.  *In re*

---

[1]    References in this decision to "Bankr. ECF No." refer to the docket entries in Debtor's proceeding pending in the Bankruptcy Court:  No. 1-20-44361.  References to "ECF No." refer to the docket entries in the appeal pending in this Court.

2

*Chip's Southington, LLC*, No. 20-21458, 2021 WL 5313546, at *4–5 (Bankr. D. Conn. Nov. 13, 2021).

In February 2021, Creditor filed a motion in the Bankruptcy Court seeking two forms of relief:  (a) to dismiss Debtor's bankruptcy petition and thereby terminate the bankruptcy proceeding, or (b) alternatively, for relief from the Bankruptcy Code's automatic stay so that Creditor could pursue state court remedies against Debtor's taxi medallions and thereby recoup some of the money Debtor owed.  Bankr. ECF No. 34.  Creditor identified three reasons why Debtor's petition should be dismissed:  (i) the estate was experiencing continued losses and had no reasonable likelihood of rehabilitation; (ii) Debtor filed the petition in bad faith; and (iii) Debtor filed the petition "for the improper purpose of benefitting non-debtor parties," *i.e.*, the individual principal who owned Debtor.  Bankr. ECF No. 34-1 ¶ 19.

At the time Creditor made its motion in Bankruptcy Court, Debtor had not yet filed a plan of reorganization.  *Id.* ¶¶ 15–16.  In March 2021, after Creditor's motion was fully briefed, Debtor filed a proposed plan, which it followed up with an amended plan, both of which were filed within the deadline set by the Bankruptcy Court.  Bankr. ECF Nos. 21, 43, 45.  Creditor objected to Debtor's proposed plan.  Bankr. ECF No. 46.  While that plan was pending, the Bankruptcy Court held multiple conferences to discuss Creditor's pending motion and, ultimately, denied the motion without prejudice.

During the first of those conferences, in October 2021, the attorney representing Debtor's principal indicated that the principal was considering commencing his own bankruptcy proceeding.  ECF No. 12-1 at 15:14–25.  He was concerned that Creditor planned to foreclose on his home to enforce the guaranty that he had given for Debtor's debts.  *Id.*  Debtor's counsel explained that Creditor had file a petition in state court "to marshal the [principal's] house and to

3

sell it," which Creditor did not dispute. *Id.* at 16:1–23. Bankruptcy Judge Lord explained to Creditor that, in light of that development, Creditor would likely need to choose between settling its debt with Debtor, together with the guaranty by Debtor's principal, or incurring the expense of fighting a second bankruptcy proceeding. *Id.* at 19:16–20:11. Judge Lord recommended that Creditor "stop tightening the screws further and see if you can make a deal." *Id.* at 25:6–9.

Creditor has frequently complained, both before the Bankruptcy Court and on appeal, that Debtor has not been operating its business, which Creditor argues means that Debtor does not intend to reorganize—or, at minimum, that Debtor is likely incapable of doing so. *See, e.g.*, ECF No. 4 ¶ 37; ECF No. 4-1 ¶¶ 50, 58. During the several months leading up to the Bankruptcy Court's order denying Creditor's motion, Debtor's monthly operating reports filed with the Bankruptcy Court confirmed that the financial activity in Debtor's bank accounts was negligible. Bankr. ECF Nos. 67, 68, 71, 72. However, Debtor claims that it was unable to generate income during the early phase of the bankruptcy proceeding because Creditor had seized Debtor's vehicle and both taxi medallions before Debtor's bankruptcy petition had triggered the automatic stay. *See* ECF No. 5 ¶¶ 12, 21–22. In fact, Debtor explains that it filed the bankruptcy petition because Creditor planned to sell the vehicle and both medallions at a private auction. *Id.* ¶ 22. Debtor apparently did not regain possession of one of its medallions from Creditor until only a few days before Creditor filed its motion to dismiss and for relief from the automatic stay. *See* Bankr. ECF No. 37 ¶ 55; Bankr. ECF No. 37-2. The record further reflects that Debtor was not able to obtain a new car to start monetizing that medallion until August 2021, nearly six months after Creditor's motion had been fully briefed. ECF No. 12-1 at 23:4–22. As of October 2021, Creditor still had possession of Debtor's original car, although Creditor insisted that the car had been made "available" to Debtor. *Id.* at 28:19–29:7.

The Bankruptcy Court eventually decided Creditor's motion on the record during a second conference in December 2021. During that conference, Judge Lord recognized that the Debtor's most recent monthly reports demonstrated that Debtor was not actively operating its business or earning significant money. ECF No. 13 at 10:25–11:6. Debtor's counsel conceded that Debtor had earned "no income to date" but represented that Debtor had recently registered its new car and was ready to start operating. *Id.* at 12:5–16. Both Debtor's counsel and the personal counsel for Debtor's principal expressed their hope that Creditor would agree to a "global resolution" of Debtor's debt and the principal's guaranty, so that they could avoid a second bankruptcy proceeding filed by Debtor's principal. *Id.* at 12:12–13:12.

When discussing the merits of Creditor's motion, Judge Lord explained that the motion had been made before Debtor had filed its plan of reorganization and that the relatively new provisions of Subchapter V of the Bankruptcy Code gave the Bankruptcy Court greater leeway to confirm that plan without Creditor's consent. *Id.* at 14:3–16. She further explained that she was prepared "to go to confirmation" of Debtor's plan "on a non-consensual basis." *Id.* at 14:24–15:10. She therefore denied "without prejudice" Creditor's motion to dismiss Debtor's bankruptcy petition because Debtor's filing of a plan after Creditor's filing of the motion had rendered the motion "stale," and Debtor had provided assurances that it was ready to begin "operating in good faith." *Id.* at 17:7–12. Judge Lord likewise denied "without prejudice" Creditor's motion for relief from the automatic stay because she wanted to "see if the Debtor can confirm a plan." *Id.* at 17:12–14. A few days after the conference, the Bankruptcy Court issued a written order indicating that Creditor's motion was "denied without prejudice" "for the reasons stated during the December 14 Hearing." ECF No. 1-1 at 2.

5

Creditor has argued on appeal that the Bankruptcy Court's order is improper because it was based on the court's desire to force a settlement of the personal guaranty given by Debtor's principal—a dispute outside the scope of the bankruptcy proceeding because the principal was not a party and had not even filed his own bankruptcy petition. *See, e.g.*, ECF No. 4 ¶¶ 4, 13, 27–29. Judge Lord admittedly made multiple comments about settlement during the conference in which she ruled on Creditor's motion. She remarked that she was "not sure why you [*i.e.*, the parties] can't settle this." ECF No. 13 at 13:19–20. She also ordered the parties to attend another settlement conference and recommended that Creditor "first try to settle" before renewing its motions. *Id.* at 16:20–24, 18:24–19:2, 20:6–8. However, Judge Lord expressly said that she was considering Creditor's motion "in the context of the case" involving the corporate Debtor and "not in the context of what's going on with the Guarantee" given by the Debtor's principal—meaning that she was not denying Creditor's motion for the purpose of trying to force a settlement of the personal guaranty. *Id.* at 14:17–24.

## DISCUSSION

**I.  The Court Denies Leave to Appeal the Bankruptcy Court's Denial of Creditor's Motion to Dismiss Debtor's Bankruptcy Petition.**

The first aspect of the Bankruptcy Court's order—its denial of Creditor's motion to dismiss Debtor's petition—is not a final order and therefore requires the Court's leave to appeal. For the reasons explained in this section, the Court declines to grant Creditor leave to appeal because the dismissal order was based on the Bankruptcy Court's heavily fact-dependent analysis and therefore does not present a controlling question of pure law.

**A.  Legal Standard Applicable to Motions for Leave to Appeal Interlocutory Bankruptcy Court Orders**

"The denial of a motion to dismiss a bankruptcy petition is interlocutory" and therefore not appealable as of right. *In re Segal*, 557 B.R. 46, 50 (E.D.N.Y. 2016) (citing *In re Comm. of*

*Asbestos-Related Litigants*, 749 F.2d 3, 4 (2d Cir. 1984)); *see also In re Adorn Glass & Venetian Blind Corp.*, No. 05-cv-1890, 2005 WL 3481325, at *2 (S.D.N.Y. Dec. 16, 2005) (holding that the appellant "was required to obtain leave before bringing this appeal" of a decision denying its motion to dismiss debtor's bankruptcy petition). Accordingly, the Court will treat Creditor's notice of appeal as a motion for leave to appeal with respect to the denial of its motion to dismiss Debtor's bankruptcy petition, as authorized by Fed. R. Bankr. P. 8004(d). *In re Segal*, 557 B.R. at 51 (treating notice of appeal as a motion for leave to appeal).

Motions for leave to appeal interlocutory orders of bankruptcy courts are permitted by 28 U.S.C. § 158(a)(3). *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021). However, that provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders. *Id.* To fill this gap, "[c]ourts in this Circuit have invariably held [that] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *Id.* (internal quotation marks omitted) (first alteration added). That provision allows courts to accept appeals of interlocutory orders only if "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018) (internal quotation marks omitted). "[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." *In re Segal*, 557 B.R. at 51 (alteration in original).

"As to the first prong, an order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome

7

of the litigation." *2178 Atl. Realty*, 2021 WL 1209355, at *4 (internal quotation marks omitted). "In addition, the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Est. of Veeraswamy*, No. 19-cv-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019) (internal quotation marks omitted). "The second prong, requiring a substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558 (internal quotation marks omitted). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021). "The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558 (internal quotation marks omitted).

When considering these requirements, the Court must be mindful of the foundational principle that "interlocutory appeals are strongly disfavored in federal practice." *Id.* Accordingly, "[g]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Joe's Friendly Serv. & Son*, 628 B.R. at 185 (internal quotation marks omitted).

    **B.**  **Legal Standard Applicable to Motions to Dismiss a Bankruptcy Petition**

A motion to dismiss a bankruptcy petition is governed by 11 U.S.C. § 1112(b), which "enumerates a number of factors which may demonstrate 'cause' for . . . dismissal." *Lippman v. Big Six Towers, Inc.*, No. 20-cv-973, 2021 WL 1784312, at *3 (E.D.N.Y. May 5, 2021). "[T]he movant bears the burden of establishing cause by a preponderance of the evidence." *In re G.A.F.*

*Seelig, Inc.*, No. 17-46968, 2020 WL 1486785, at *6 (Bankr. E.D.N.Y. Mar. 9, 2020) (quoting *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011)). One enumerated ground for finding cause to dismiss a petition is "substantial or continuing loss to or diminution of the estate[] and the absence of a reasonable likelihood of rehabilitation." *Lippman*, 2021 WL 1784312, at *3.

Additionally, a "bankruptcy court may dismiss a case for reasons other than those specified in § 1112(b)(4) as long as those reasons establish 'cause'" because the list of grounds for cause in that statute "is non-exhaustive." *Id.* (citing *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304 (2d Cir. 1997)). One of the unenumerated grounds for dismissal is that the debtor's petition was filed in bad faith. *In re Navient Sols., LLC*, No. 21-cv-2897, 2022 WL 863409, at *8 (S.D.N.Y. Mar. 23, 2022). The Second Circuit has identified the following factors as relevant to assessing whether a debtor has filed a petition in bad faith:

> (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees.

*In re G.A.F. Seelig*, 2020 WL 1486785, at *14 (quoting *In re C-TC*, 113 F.3d at 1311). Courts must assess these factors according to "the totality of the circumstances," which means that "[d]epending on the situation, one or another factor may have greater weight, and the number of factors on one side or the other of the balance is not, standing alone, determinative of the

9

outcome." *Id.* A bankruptcy court may also "consider other grounds," not listed by the Second Circuit in *In re C-TC*, "and use its equitable powers to reach an appropriate result." *Id.* at *13.[2]

The ultimate question in the bad faith analysis is whether "it [wa]s clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *In re AAGS Holdings, LLC*, 608 B.R. 373, 382 (Bankr. S.D.N.Y. 2019) (quoting *Baker v. Latham Sparrowbush Assocs.*, 931 F.2d 222, 227 (2d Cir. 1991)) (denying motion to dismiss bankruptcy petition). "Even if all, or nearly all, of the *C-TC* factors are arguably present, a debtor may still establish that it has an ability to effectively reorganize" and thereby defeat a motion to dismiss based on alleged bad faith. *In re 300 Wash. St. LLC*, 528 B.R. 534, 551 (Bankr. E.D.N.Y. 2015) (denying motion to dismiss bankruptcy petition).

If the Court were to grant Creditor leave to appeal, the Court would review the Bankruptcy Court's decision as to whether cause existed to dismiss Debtor's petition according to an abuse of discretion standard "[b]ecause the decision to dismiss a bankruptcy case under § 1112(b) is a discretionary ruling." *Lippman*, 2021 WL 1784312, at *2. The Bankruptcy Court's "discretion is not completely unfettered," but it "is not required to give exhaustive reasons for its decision." *In re Jenkins*, No. 17-cv-5819, 2018 WL 2139209, at *2 (E.D.N.Y. May 9, 2018).

---

[2] Creditor has not provided any authority demonstrating that the third ground on which it seeks to dismiss Debtor's petition—*i.e.*, that "the case was filed for the improper purpose of benefitting non-debtor parties"—is an independent ground for dismissal rather than an inquiry subsumed within the analysis required to determine whether Debtor's petition was filed in bad faith. *See* ECF No. 4 ¶ 33. The decision that Creditor cites as support for dismissal on this ground, *In re Red Bull Taxi Inc.*, summarily concluded that the creditor "ha[d] failed to meet its burden with respect to this argument." No. 16-13153, 2017 WL 1753234, at *5 (Bankr. S.D.N.Y. May 3, 2017). The court did not explain what factors a court must consider to dismiss a bankruptcy petition on this ground and had already concluded that the debtor's petition had been filed in bad faith. *Id.*

10

However, "[i]f a bankruptcy court determines that cause has been shown, then it has no choice, and no discretion, and must dismiss or convert the Chapter 11 case." *Lynch v. Barnard*, 590 B.R. 30, 36 (E.D.N.Y. 2018), *aff'd*, 795 F. App'x 57 (2d Cir. 2020) (internal quotation marks omitted).

When deciding a motion to dismiss, the Bankruptcy Court may "consider[] evidence and resolve[] factual issues." *In re Navient Sols.*, 2022 WL 863409, at *8. Accordingly, reversing a bankruptcy court's decision on a motion to dismiss is improper if the losing party's disagreement with the bankruptcy court's order "represents nothing more than a competing view of some of the facts in the record." *Neilson v. Est. of Benedict*, No. 18-cv-1101, 2020 WL 1140493, at *4 (N.D.N.Y. Mar. 9, 2020) (affirming decision dismissing petition).

### C. Creditor's Appeal of the Bankruptcy Court's Non-Dismissal Order Does Not Present a Controlling Question of Law.

The Court declines to grant leave to appeal because the Bankruptcy Court's denial of Creditor's motion to dismiss does not present a controlling question of law. Creditor simply wants this Court to weigh the relevant facts differently than the Bankruptcy Court and to reach the opposite result.

As described above, a bankruptcy court has broad discretion when considering a motion to dismiss a debtor's petition, and the bankruptcy court's decision depends on its assessment of the feasibility of the debtor's plan of reorganization. A bankruptcy court's inquiry into whether to dismiss a debtor's petition based on bad faith is even more fact-dependent and entails considering numerous factors. In this case, Debtor's mere filing of a plan of reorganization, an intervening fact that occurred after Creditor's motion, weighed against a finding that Debtor was acting in bad faith. *See In re AAGS Holdings*, 608 B.R. at 383. The Court will not second-guess the Bankruptcy Court's expertise in assessing whether the plan that Debtor had proposed was

11

realistic, especially since the Bankruptcy Court's denial of the motion to dismiss was without prejudice to renew after the parties and the Bankruptcy Court had a further opportunity to consider Debtor's plan. *See In re Segal*, 557 B.R. at 52 (holding that the bankruptcy court's denial of a motion to dismiss a debtor's petition "[wa]s heavily fact-bound" and therefore did not present a controlling question of law).

Creditor relies heavily on *Red Bull Taxi*, which involved another debtor that operated a taxi cab company. 2017 WL 1753234, at *1. The bankruptcy court in that case denied a secured creditor's motion to dismiss the bankruptcy petition but, as an alternative form of relief, converted the proceeding from a Chapter 11 reorganization to a Chapter 7 liquidation because the bankruptcy court concluded both that the debtor could not propose a plan that would provide a "reasonable likelihood of rehabilitation" and that the debtor had filed its petition in bad faith. *Id.* at *2–4.

The *Red Bull Taxi* decision is distinguishable in at least one very important aspect—it predates the enactment of Subchapter V of Chapter 11 of the Bankruptcy Code, which applies to certain small business debtors and assesses their plans of reorganization according to different criteria. A Subchapter V plan, therefore, was not available to the debtor in *Red Bull Taxi*. As compared to a typical Chapter 11 proceeding, "Subchapter V modifies the rules under which particular classes of claims can be crammed down," which means that a bankruptcy court has greater authority to adopt a debtor's plan even if creditors object to the plan. *In re Chip's Southington*, 2021 WL 5313546, at *4–5; *see also In re Cleary Packaging, LLC*, 36 F.4th 509, 514 (4th Cir. 2022) ("Under the governing rules of a Subchapter V proceeding, the bankruptcy court need only find that such a plan provide[s] that all of the debtor's projected disposable income is paid to creditors for a 3-to 5-year period and that it be feasible.").

Since the Bankruptcy Court in this case was tasked with assessing Debtor's plan according to the Subchapter V criteria, rather than the standard Chapter 11 criteria applicable in *Red Bull Taxi*, the Bankruptcy Court was not required to grant Creditor's motion to dismiss, even though the debtors in each case shared similar factual circumstances. The Bankruptcy Court easily could have found that Debtor's plan of reorganization was realistic according to the criteria applicable in a Subchapter V proceeding even though the court in *Red Bull Taxi* had concluded that a similar debtor's plan was not feasible according to the criteria applicable in a typical Chapter 11 proceeding. *See In re Red Bull Taxi*, 2017 WL 1753234, at *2–4.

### II. The Court Affirms the Bankruptcy Court's Denial of Creditor's Motion for Relief from the Automatic Stay.

The Supreme Court has recently held that an order denying a creditor's motion for relief from the automatic stay is immediately appealable as of right. *Ritzen Grp., Inc., v. Jackson Masonry LLC*, 140 S. Ct. 582, 586 (2020). Notably, the Court caveated in a footnote that it was not addressing whether an order denying relief from the automatic stay would be immediately appealable "if the bankruptcy court enters [the order] 'without prejudice' because further developments might change the stay calculus." *Id.* at 592 n.4. Neither the parties nor the Court have identified any cases within the Second Circuit, decided after *Ritzen Group*, in which a court held that a denial without prejudice of relief from the automatic stay is not an immediately appealable final order.

The Ninth Circuit has concluded that an order denying without prejudice relief from the automatic stay was immediately appealable, and it appears to be the only Court of Appeals to have considered the issue since the Supreme Court decided *Ritzen Group*. *In re Mayer*, 28 F.4th 67, 68–69 (9th Cir. 2022). The Court finds the rationale of *Mayer* persuasive and concludes that

13

this portion of the Bankruptcy Court's order is appealable as of right. The Court will therefore consider the merits of this portion of Creditor's appeal.

### A. Legal Standard Applicable to Motions for Relief from the Bankruptcy Code's Automatic Stay

The automatic stay is codified in Section 362 of the Bankruptcy Code, and the provisions that allow for relief from the automatic stay are codified within that same section. *See Boissard v. Specialized Loan Servicing, LLC*, No. 19-cv-4280, 2020 WL 9815999, at *4 (E.D.N.Y. Sept. 25, 2020) (citing 11 U.S.C. § 362(a)(1)). "There are two avenues for relief from an automatic stay under sections 362(d)—(d)(1) and (d)(2). The first avenue is 'for cause': A court 'shall grant relief from the stay' on request of a party in interest and after notice and a hearing 'for cause including the lack of adequate protection of an interest in property.'" *Id.* (quoting 11 U.S.C. § 362(d)(1)). In considering whether a creditor has demonstrated cause, a court considers a "non-exclusive list of factors" identified by the Second Circuit related to the relationship between the debtor's bankruptcy proceeding and the creditor's planned exercise of remedies outside of bankruptcy. *Id.* at *6 (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)). Those factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* (quoting *In re Sonnax Indus.*, 907 F.2d at 1286). "A reviewing court has wide discretion to apply the *Sonnax* factors as it sees fit based on the facts underlying a given motion," and "a bankruptcy court need not mention the *Sonnax* factors if they are inapplicable to the facts presented." *Id.* (internal quotation marks omitted). A debtor's bad faith filing of a bankruptcy petition can also amount to cause to lift the automatic stay, in which case "the analysis of dismissal for bad faith and [to] lift [the] stay for bad faith are not substantively different from each other." *In re Meena, Inc.*, No. 18-74693, 2018 WL 5880916, at *11 (Bankr. E.D.N.Y. Nov. 6, 2018) (internal quotation marks omitted).

"The second avenue for relief [from the automatic stay] applies to a stay 'of an act against property' and allows courts to grant relief from the stay 'if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.'" *Boissard*, 2020 WL 9815999, at *5 (quoting 11 U.S.C. § 362(d)(2)). "For these purposes, a debtor lacks equity in a particular piece of property when the sum total of the claims secured by the property exceed its value." *In re Mader*, No. 19-cv-2048, 2021 WL 1729472, at *6 (E.D.N.Y. Mar. 31, 2021) (internal quotation marks omitted).

"The decision to grant or deny relief from the automatic stay . . . is reviewed for abuse of discretion," which means that "the [C]ourt does not consider whether it would have made the same decision, but merely whether the Bankruptcy Court's decision was reasonable." *Holt v. JP Morgan Chase Bank, N.A.*, No. 17-cv-7901, 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019). When a creditor moves for relief for cause, pursuant to 11 U.S.C. 362(d)(1), the creditor "bears the burden of making an initial showing of cause for relief from the stay. Only if the movant makes such a showing does any burden shift to the debtor; absent a showing of cause, the court should simply deny relief from the stay." *Boissard*, 2020 WL 9815999, at *4 (internal citations

15

and quotation marks omitted). When a creditor moves for relief with respect to specific property, pursuant to 11 U.S.C. § 362(d)(2), the creditor "bears the burden of establishing the debtor has no equity in the [p]roperty; then the burden shifts to . . . [the] debtor[] to show the property is necessary to an effective reorganization." *In re Mader*, 2021 WL 1729472, at *6. The debtor's burden in this latter context is "to show that a plan is not patently unconfirmable and has a realistic chance of being confirmed," which "is lower than the burden at confirmation." *In re 300 Wash. St.*, 528 B.R. at 553 (internal quotation marks omitted).

        **B.**    **The Bankruptcy Court Did Not Abuse Its Discretion in Denying Creditor Relief from the Automatic Stay.**

Creditor moved for relief from the automatic stay with respect to specific property, Debtor's taxi medallions, pursuant to 11 U.S.C. § 362(d)(2). ECF No. 4-1 ¶¶ 57–58. Creditor met its burden to prove that Debtor lacked equity in the medallions because Debtor reported to the Bankruptcy Court that the medallions were worth only $150,000, and Debtor owed Creditor $1.6 million in principal alone. *Id.* ¶ 57; Bankr. ECF No. 27-1 at 7; Bankr. ECF No. 27-2 at 1. However, the Bankruptcy Court easily could have concluded that the medallions were necessary for an effective reorganization because they were among "Debtor's only asset[s] and source of future income." *In re 300 Wash. St.*, 528 B.R. at 554 (denying motion for relief from the automatic stay). The Bankruptcy Court therefore did not abuse its discretion in denying relief from the automatic stay with respect to the taxi medallions.

Creditor also moved for relief from the automatic stay as whole, for cause, pursuant to 11 U.S.C. § 362(d)(1). *See* ECF No. 4-1 ¶¶ 51–55. The Bankruptcy Court likewise did not abuse its discretion in denying this request for relief. Creditor's brief in support of its appeal mentions the existence of the *Sonnax* factors and their applicability to the "for cause" inquiry when granting relief from the automatic stay. *Id.* ¶¶ 53–54. But Creditor has not described to this

Court—and did not describe to the Bankruptcy Court—how those factors weigh in favor of granting relief under Debtor's particular circumstances. *See id.*; Bankr. ECF No. 34-1 ¶¶ 35–36. The Bankruptcy Court could have denied relief on this basis alone since "absent a showing of cause, the [bankruptcy] court should simply deny relief from the stay." *Boissard*, 2020 WL 9815999, at *4; *see also Holzer v. Barnard*, No. 15-cv-6277, 2016 WL 4046767, at *13 (E.D.N.Y. July 27, 2016) (affirming denial of relief from the automatic stay because the creditor "failed to make an initial showing of cause").

Alternatively, the Bankruptcy Court was entitled to assign the "most weight" to the final *Sonnax* factor, "the impact of the stay on the parties and the balance of harms," which "implicate[s]" the additional *Sonnax* factor of whether Creditor's proposed exercise of remedies outside of bankruptcy would "interfere[] with the bankruptcy proceedings." *Santa Rosa Mall, LLC v. Sears Holdings Corp.*, No. 20-cv-3923, 2021 WL 4429507, at *6 (S.D.N.Y. Sept. 27, 2021) (affirming denial of relief from automatic stay on these grounds). Denying Creditor's motion for relief from the automatic stay on this basis—without prejudice—was consistent with Judge Lord's expressed desire to allow the Bankruptcy Court and the parties additional time to consider Debtor's plan of reorganization. *See* ECF No. 13 at 17:12–14.

## **CONCLUSION**

For the reasons set forth above, the Court dismisses for lack of jurisdiction Creditor's appeal of the portion of the Bankruptcy Court's order that denied without prejudice Creditor's motion to dismiss Debtor's bankruptcy petition. The Court affirms, on the merits, the portion of

the Bankruptcy Court's order that denied Creditor relief from the automatic stay.  The Clerk of

Court is respectfully directed to enter judgment accordingly and to close this case.

    SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
        January 23, 2023